IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| MAURICE A. LAYTON,<br><br>Plaintiff,<br><br>vs.<br><br>DR. DENISE SMYTH, WILLIAM NICHOLSON, STEPHANIE WOOD, and ROBERT D. GILMORE<br><br>Defendants. | Civil Action 2: 20-cv-0519<br><br>Chief United States Magistrate Judge<br>Cynthia Reed Eddy |

**MEMORANDUM OPINION AND ORDER[1]**

Plaintiff, Maurice A. Layton, is a prisoner in the custody of the Pennsylvania Department of Corrections currently confined at SCI-Huntington. The events giving rise to this lawsuit occurred while Plaintiff was confined at SCI-Greene. Plaintiff's original complaint was filed on April 21, 2020. (ECF No. 3). Prior to service, Plaintiff filed an Amended Complaint on July 24, 2020. (ECF No. 18). In response to Defendants' motions to dismiss the Amended Complaint, Plaintiff filed a Second Amended Complaint ("SAC") (ECF No. 42), which supersedes the Amended Complaint. The SAC remains Plaintiff's operative pleading. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

For purposes of resolving the pending motions, the facts as alleged in the SAC are viewed in the light most favorable to Plaintiff, and liberally construed. *Phillips v. County of Allegheny*,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(b)(1), the parties have voluntarily consented to jurisdiction by a United States Magistrate Judge, including entry of final judgment. (ECF Nos. 23, 27, and 44).

1

515 F.3d 224, 231 (3d Cir. 2008); *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Pro se pleadings, however "inartfully pleaded" must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines,* 404 U.S. at 520-21. Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

Plaintiff was diagnosed with ulcerative colitis ("UC") in 2008. Since that time, he has been prescribed Asacol 800 mg, twice a day. In February 2016, Plaintiff "arrived" at SCI-Greene. (SAC, ¶ 11). Beginning in June of 2017, Plaintiff began filing sick call complaints stating that he was not receiving appropriate medical treatment for, *inter alia*, abdominal pain and cramps, loss of weight, loss of appetite, and diarrhea. According to the SAC, Plaintiff notified Dr. Smyth, the medical director at SCI-Greene; William Nicholson and Stephanie Wood, both Correctional Health Care Administrators at SCI-Greene, and Robert D. Gilmore, the Superintendent at SCI-Greene, of his ongoing concerns regarding the lack of medical treatment for his serious medical needs.

In early February 2018, Plaintiff began receiving a higher dose of Asacol and was informed that Dr. Smyth had prescribed the new prescription. (*Id*. at ¶ 19). As a result of the "overdose" of Asacol, Plaintiff began experiencing a number of side effects, including dizziness, headaches, and fear of his life. (*Id*. at ¶ 20).

On April 17, 2018, Plaintiff had a colonoscopy at Washington Health System. On May 9, 2018, he was seen by Dr. Kumar at SCI-Greene, who informed Plaintiff that his tests results were negative and he did not have UC. On May 25, 2018, Plaintiff filed a grievance questioning why he was continued on Asacol despite the results from the colonoscopy showing that he no longer had UC. Defendant Woods, in denying the grievance, responded that he had had a diagnosis of UC and the pathology reports indicated that his polyps were benign.

From October 17, 2018, through January 9, 2019, Plaintiff submitted numerous sick call complaints stating he was experiencing constant abdominal pain and cramps. On January 30, 2019, Plaintiff filed a grievance again questioning why he was continued to be prescribed Asacol when he did not have UC and stating that he thought the Asacol was causing his pain. Defendant Nicholson, in denying the grievance, responded:

> "You had a diagnosis and were being treated for (UC). The Asacol is ordered to control inflammation and was offered to you for that benefit." "You claim that the medication has caused you significant injuries and you have addressed them. I see no indication that you stated you are having issues to any of the providers." "You made no mention of the significant injuries that you suffered from taking the Asacol." "If you wanted testing, you didn't ask for it at that time."

(*Id*. at ¶ 44) (quoted verbatim).

Approximately two weeks later, on February 15, 2019, Plaintiff's prescription for Asacol was discontinued. Two days later, he wrote to Dr. Smyth asking why she had discontinued the Asacol prescription. Dr. Smyth responded on February 20, 2019, that "The Asacol was discontinued as per. GI recommendations if biopsies were negative, which they were. You need repeat colonoscopy in 1 year." (*Id*. at ¶ 50).

On March 6, 2019, Plaintiff filed a grievance complaining that for the past seven months he had been prescribed Tofranil, a psychiatric drug, which had caused "serious mental health and physical damages, suicidal thinking, depression, nervousness, confusion, and hallucinations. Plaintiff was never given any counseling or monitoring." (*Id*. at ¶ 51). Nicholson, in denying the grievance, responded that Tofranil was an off-label use for treatment of UC and "if you would have asked, you could've been told." (*Id*. at ¶ 52).

Plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution. He also

3

contends that Dr. Smyth violated his "informed consent" and his right to refuse Tofranil, a psychiatric drug. (*Id*. at ¶ 64). All defendants are sued in their individual capacities.

Defendants have filed motions to dismiss: Defendant Smyth at ECF No. 46 and Defendants Nicholson, Wood, and Gilmore at ECF No. 48, arguing that the SAC should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[2] Plaintiff filed an omnibus response at ECF 52. For the reasons that follow, the motions will be denied in part and granted in part as explained below.

The Supreme Court of the United States has issued two decisions that pertain to the standard of review for failure to state a claim upon which relief could be granted. The Supreme Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and " 'naked

---

[2] In her brief in support of the motion to dismiss, Defendant Smyth also argues that the Second Amended Complaint should be stricken as it does not satisfy the requirements of Federal Rule of Civil Procedure 8. Defendant Smyth's motion is clear, however, that she is requesting the Amended Complaint be dismissed "for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)." *See* Motion at 1 (title) and p. 4 (ECF No. 46). However, even if a proper challenge under Rule 8 had been made, same would be denied. The SAC adequately puts Defendants on notice of Plaintiff's claims and provides factual allegations setting forth particularized descriptions of actions by the individual defendants to make a sufficient showing of enough factual matter (when taken as true) to plausibly suggest that Plaintiff can satisfy the elements of his § 1983 claims.

assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id*. at 679. The Court of Appeals for the Third Circuit has summarized the inquiry as follows:

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim*." Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Viewed in light of the forgoing liberal pleading standards, the Court finds that Plaintiff has alleged enough to create plausible Eighth Amendment deliberate inference claims against all the Defendants. The Court recognizes that discovery may well reveal that Plaintiff's allegations do not support such a claim against any of the Defendants, but at this early stage of the litigation, the allegations of the SAC must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor. Plaintiff will be required to meet a high bar to ultimately prevail; however, at this stage of the litigation, the factual allegations of the SAC are sufficient to state a plausible claim that Defendants were deliberately indifferent to his medical needs.

5

The request of Defendants Nicholson, Wood, and Gilmore to dismiss Plaintiff's Fourteenth Amendment claim will be granted. To the extent that Plaintiff intended to assert a substantive due process claim, based on the same conduct that supports his claim under the Eighth Amendment, that claim is barred by the explicit source doctrine, which provides that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *U.S. v. Lanier*, 52 U.S. 259, 272 n.7 (1997). See also *Albright v. Oliver,* 510 U.S. 266 (1994) (plurality), *County of Sacramento v. Lewis,* 523 U.S. 833, (1998), *Graham v. Connor,* 490 U.S. 386, 395 (1989), and their progeny, all of which prohibit a substantive due process claim under the Fourteenth Amendment where an explicit standard from another amendment covers the factual situation. Therefore, any substantive due process claim is barred by the explicit source doctrine. Further, Plaintiff has not asserted a deprivation of a protected liberty or property interest to state a procedural due process claim. For these reasons, Plaintiff's Fourteenth Amendment claim will be dismissed.

Defendant Smyth also contends that Plaintiff is asserting a state law tort claim based on medical malpractice or professional negligence, and such a claim necessarily fails Plaintiff has not filed a Certificate of Merit as required within sixty days of filing the Complaint. (ECF No. 47 at 11 – 13 (citing Pa.R.C.P. 1042.3(a)). In response, Plaintiff frames his claims against Defendant Smyth as only Eighth Amendment claims and makes no mention of state law claims. (ECF No. 52). Thus, it is not clear at this point if Plaintiff is asserting that Defendant Smyth's actions constituted medical malpractice or professional negligence.

However, in an abundance of caution, and assuming *arguendo* that Plaintiff has asserted a such a state law claim, Defendant Smyth's request to have the claim dismissed will be denied without prejudice.

Pennsylvania Rule of Civil Procedure 1042.3(a) requires the filing of a valid certificate of merit along with any malpractice or medical negligence claim within sixty days after the filing of the complaint. The requirements of Rule 1042.3(a) are deemed substantive in nature and, therefore, federal courts in Pennsylvania will apply this prerequisite when assessing the merits of a medical malpractice claim. *Liggon-Reading v. Estate of Sugarman*, 659 F.3d 258 (3d Cir. 2011). Additionally "one of Pennsylvania's conditions precedent to dismissing an action for failure to comply with the COM requirement, fair notice to a plaintiff, is also substantive law," *Schmigel v. Uchal*, 800 F.3d 113, 115 (3d Cir. 2015), and, therefore, also must be applied in federal court. *Id.* at 124.

Under the notice provisions, a Pennsylvania malpractice defendant may dismiss an action only if the following conditions are met:

> (1) there is not a pending motion (a) for determination that a COM is unnecessary in the first place or (b) seeking to extend the time to file a COM; (2) a COM was not filed before dismissal was sought; (3) the defendant has attached proof that he served notice of the deficiency upon the plaintiff; and is relevant here, (4) <u>thirty days has elapsed between the notice of deficiency and the defendant's attempt to terminate the action.</u> Pa.R.C.P. No. 1042.7(a)(1)-(4).

*Id.* at 118 (emphasis added). In the instant case, Defendant Smyth neither has addressed the notice requirement nor has she attached proof that Plaintiff was served notice of the deficiency. Absent evidence that Defendant Smyth has fulfilled her notice responsibilities, the Court will deny the request to dismiss Plaintiff's medical malpractice and professional negligence claims without prejudice.

**AND NOW**, this 16th day of July, 2021**,** after due consideration to Defendants' motions to dismiss the complaint and the response in opposition, **IT IS HEREBY ORDERED** as follows:

1. Defendants' requests to dismiss Plaintiff's Eighth Amendment claims of deliberate indifference are **DENIED** without prejudice to Defendants raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery;

2. Defendants Nicholson, Wood, and Gilmore's request to dismiss Plaintiff's Fourteenth Amendment claims is **GRANTED** and such claims are dismissed with prejudice;

3. Defendant Smyth's request to dismiss Plaintiff's medical malpractice and professional claims is **DENIED** without prejudice.

It is **FURTHER ORDERED** that Defendants shall file an Answer in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

BY THE COURT:

s/Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc: **MAURICE A. LAYTON**
GK2255
SCI HUNTINGDON
P. O. BOX 999
1120 PIKE ST
HUNTINGDON, PA 16652
(via U.S. First Class Mail)

All Counsel of Record
(via ECF electronic notification)