IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| MAURICE A. LAYTON, | ) |
| | ) Civil Action No. 2: 20-cv-0519 |
| Plaintiff, | ) |
| | ) United States Magistrate Judge |
| v. | ) Cynthia Reed Eddy |
| | ) |
| DR. DENISE SMYTH, WILLIAM NICHOLSON, STEPHANIE WOOD, and ROBERT D. GILMORE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION RE: MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS NICHOLSON, WOOD, AND GILMORE[1]

Pending before the Court is the Motion for Summary Judgment, with brief in support, filed by Defendants William Nicholson, Stephanie Wood, and Robert D. Gilmore (collectively referred to as the "Commonwealth Defendants"). (ECF Nos. 99 and 100). Plaintiff filed a Memorandum of Law in opposition (ECF No. 104). The issues are fully briefed and the factual record thoroughly developed. (ECF Nos. 96, 97, 105, and 106).[2] After carefully considering the

---

[1] This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of judgment. (ECF Nos. 23, 27, and 44).

[2] The Commonwealth Defendants did not file separate supporting documents; rather they adopted and incorporated Defendant Smyth's motion for summary judgment and supporting documents. *See* Commonwealth Defendants' Br. at p. 3. This Memorandum Opinion addresses only the motion for summary judgment filed by the Commonwealth Defendants. The Court contemporaneously has filed a separate Memorandum Opinion addressing the motion for summary judgment filed by Defendant Smyth.

motion, the material in support and opposition to it, the memoranda of the parties, the relevant case law, and the record as a whole, the motion for summary judgment will granted.

I.      **Procedural and Factual Background**

Plaintiff, Maurice A. Layton, is a prisoner in the custody of the Pennsylvania Department of Corrections currently housed at SCI-Huntingdon. The events giving rise to this lawsuit occurred while Layton was housed at SCI-Greene. Layton initiated this case on April 14, 2020, by the filing of motion for leave to proceed in forma pauperis ("IFP Motion"). Attached to the IFP motion was a civil rights complaint in which Defendants Smyth, Nicholson, Wood, and Sharon "Doe" were named defendants. The Complaint was lodged pending disposition of the IFP motion. (ECF No. 1). On April 21, 2020, the IFP motion was granted (ECF No. 2) and the Complaint filed that day. (ECF No. 3). Prior to service, Layton filed an Amended Complaint on July 24, 2020. (ECF No. 18). In lieu of filing a responsive pleading, the Commonwealth Defendants filed a motion to dismiss (ECF No. 34). In response to the Commonwealth Defendants' motion to dismiss, and prior to Defendant Smyth filing a responsive pleading, Layton filed a verified Second Amended Complaint ("SAC") (ECF No. 42), which supersedes the Amended Complaint. The SAC remains Plaintiff's operative pleading. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

Named as defendants in the SAC are Defendant Denise Smyth, M.D., a former physician at SCI-Greene, and the Commonwealth Defendants, three non-medical prison officials who were employed at SCI-Greene during the relevant time period: Robert Gilmore, the Superintendent of

SCI-Greene; Mark Nicholson, the Corrections Health Care Administrator; and Stephanie Wood, the Healthcare Administrator (collectively, the "Commonwealth Defendants"). Layton brings his claims under 42 U.S.C. § 1983, contending that all Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution. He also contends that Dr. Smyth violated his "informed consent" and his right to refuse Tofranil, a psychiatric drug.

Defendants each filed motions to dismiss, to which Layton filed an omnibus response. (ECF Nos. 46, 48, and 52). On July 16, 2021, the Court denied in part and granted in part the motions. (ECF No. 59). The Court found that Layton, through the SAC, had alleged enough facts to create plausible Eighth Amendment deliberate indifference claims against all the Defendants, but dismissed the Fourteenth Amendment claims to the extent that those claims were based on the same conduct that supported his claims under the Eighth Amendment. Layton's state law claims of medical malpractice and professional negligence were also dismissed.

After the close of discovery, the Commonwealth Defendants filed the instant motion for summary judgment and brief in support. (ECF Nos. 99 and 100). Layton filed a brief in opposition (ECF No. 104), a counter statement of material facts (ECF No. 105), and his own exhibits, including his own Declaration, the Declaration of Zahir Boddy-Johnson, and the Declaration of Justin Robertson. (ECF No. 106). The factual allegations set forth in Layton's verified SAC (ECF No. 42), to the extent they are based upon his personal knowledge, will also be considered as evidence on summary judgment. *Jackson v. Armel*, 2020 WL 2104748, at *5 (W.D. Pa. May 1, 2020) (citing *Reese v. Sparks*, 760 F.2d 64, 67 (3d Cir. 1985) (treating verified complaint as an affidavit on summary judgment motion)). *See also Brooks v. Kyler*, 204

F. 3d 102, 108 n. 7 (3d Cir. 2000) (noting that an affidavit is "about the best that can be expected from a [pro se prisoner] at the summary judgment phase of the proceedings"); *Boomer v. Lewis*, 2009 WL 2900778, at *2 n.4 (M.D. Pa. Sept. 9, 2009) ("A verified complaint may be treated as an affidavit in support of or in opposition to a motion for summary judgment if the allegations are specific and based on personal knowledge.").

The motion for summary judgment filed by the Commonwealth Defendants is ripe for disposition.

**II.    Standard of Review**

The standard for assessing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is well-settled.  A court should grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Furthermore, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 250.

On a motion for summary judgment, the facts and the inferences to be drawn therefrom should be viewed in the light most favorable to the non-moving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Hudson v. Proctor & Gamble Paper Prod. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009) (citations omitted).  It is not the court's role to weigh the

disputed evidence and decide which is more probative, or to make credibility determinations. *See Anderson*, 477 U.S. at 255; *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004); *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S at 247-48. An issue is "genuine" if a reasonable jury could possibly hold in the nonmovant's favor with respect to that issue. *See id.* "Where the record taken as a whole could not lead a reasonable trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'." *Matsushita*, 475 U.S. at 587; *Huston,* 568 F.3d at 104.

This standard is somewhat relaxed with respect to pro se litigants. Where a party is representing himself pro se, the complaint is to be construed liberally. A pro se plaintiff may not, however, rely solely on his complaint to defeat a summary judgment motion. *See, e.g., Anderson*, 477 U.S. at 256 ("Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."). Allegations made without any evidentiary support may be disregarded. *Jones v. UPS*, 214 F.3d 402, 407 (3d Cir. 2000); *see also Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990) ("[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment.").

With these standards in mind, the Court now turns to the motion for summary judgment.

### III. Discussion

The Commonwealth Defendants have moved for summary judgment on a number of grounds. They contend, *inter alia,* that Layton failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA") and, as a result, all claims against them should

be dismissed. The Court need not decide the claims against the Commonwealth Defendants on the merits as it is clear, from the undisputed summary judgment record, that Layton did not exhaust his claims against the Commonwealth Defendants and as, such, his claims against these Defendants are barred.

The threshold question that must be determined in any prisoner civil rights case is whether the prisoner has exhausted his administrative remedies in accordance with the mandate of the PLRA. *See Downey v. Pennsylvania Dep't of Corrections,* 968 F.3d 299, 304 (3d Cir. 2020) (stating that "[e]xhaustion is a threshold requirement that district courts must consider."). *See also Woodford v. Ngo*, 548 U.S. 81, 88 (2006); *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018). The exhaustion requirement is a "bright-line rule" and "it is beyond the power of this court – or any other- to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy, or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000). The DOC Grievance Policy, Section VI.A.1.7, provides that the following information must be included in the initial grievance:

> The inmate will include a statement of the facts relevant to the claim. . . . <u>The inmate will identify any person(s) who may have information that could be helpful in resolving the grievance.</u> . . .

DC-ADM 804, Inmate Grievance System Policy, Part VI.A.1.7 (ECF No. 97-5 at p. 6) (emphasis added).

Layton's Grievance History Report reflects that he filed six grievances relating to the inadequate medical treatment claims brought in this lawsuit. *See* Grievance Nos. 719656, 727197, 739791, 784471, 790614, and 791663. (ECF Nos. 97-4, 97-5, 97-7, and 106). In none of these grievances are the Commonwealth Defendants named or referenced. Thus, the

6

Commonwealth Defendants are entitled to summary judgment based on Layton's failure to exhaust his administrative remedies.

But even if Layton had properly exhausted his claims against the Commonwealth Defendants, summary judgment would still be appropriate. First, Layton has not shown that any of the Commonwealth Defendants had personal involvement in the complained of misconduct.[3] Each of the Commonwealth Defendants is a non-medical prison official. The claims against the Commonwealth Defendants are based upon their supervisory roles within the prison system and/or their failure to take corrective action when grievances were referred to them. The law is well established that liability can neither be predicated solely on the operation of *respondeat superior* nor does the denial of a grievance appeal establish the involvement of officials and administrators in any underlying constitutional deprivation. *Pressley v. Beard*, 266 F. App'x 216, 218 (3d Cir. 2008).[4]

Moreover, "a non-medical prison official will not be chargeable with deliberate indifference, 'absent a reason to believe or actual knowledge' that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Pearson v. Prison Health Service*, 850 F.3d 526, 535 (3d Cir. 2017) (quoting *Spruill v. Gillis,* 373 F.3d 218, 235-36 (3d Cir. 2004)). Courts in the Third Circuit have recognized that corrections health care administrators (CHCAs)

---

[3] Layton's medical history is discussed at length in the accompanying Memorandum Opinion ruling on Defendant Smyth's motion for summary judgment. That medical history is incorporated herein by reference.

[4] To the extent that Layton asserts any claims based upon his dissatisfaction with the grievance procedure itself, no remediable claim is presented because prisoners do not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Correctional Medical, Inc.,* 46 F. App'x 400, 403 (3d Cir. 2011). While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts and such a right is not compromised by the failure of the prison to address

are indisputably administrators, not doctors, and therefore, under *Spruill,* will generally be justified in believing that the prisoner is in capable hands if the prisoner is under the care of medical experts.  *Thomas v. Dragovich,* 142 F. App'x 33, 39 (3d Cir. 2005); *Fantone v. Herbik*, 528 F. App'x 123, 128 n.6 (3d Cir. 2013); *see also Whitehead v. Thomas*, 2017 WL 2664490, *7, *report and recommendation adopted*, 2017 WL 2672646 (W.D.Pa. 2017), *aff'd sub nom. Whitehead v. Wetzel*, 720 F. App'x 657 (3d Cir. 2017).  All three of the Commonwealth Defendants reasonably relied on the professional judgment of the medical personnel involved in Layton's medical care and treatment.  *See Abran v. City of Philadelphia*, 2021 WL 5401542, at *3 (3d Cir. 2021)(quoting *Giles v. Godinez*, 914 F.3d 1040, 1049 (7th Cir. 2019) ("We have long recognized that the division of labor within a prison necessitates that non-medical officials may reasonably defer to the judgment of medical professionals regarding inmate treatment.")

The undisputed summary judgment record is void of any evidence suggesting that any of the Commonwealth Defendants interfered with Layton's ability to receive adequate medical care.  To the contrary, the summary judgment record reflects that Layton received extensive and adequate medical care; albeit medical care that Layton contends was inadequate under the circumstances.  The Court finds that there is no evidence of record from which a reasonable jury could find that the Commonwealth Defendants were deliberately indifferent to Layton's serious medical needs.

---

a prisoner's grievance or take corrective action.

## IV.     Conclusion

For the foregoing reasons, the Motion for Summary Judgment filed by the Commonwealth Defendants will be granted and judgment entered in their favor. An appropriate Order follows.

Dated:  December 21, 2022                                  s/Cynthia Reed Eddy
                                                           Cynthia Reed Eddy
                                                           United States Magistrate Judge

cc:     MAURICE A. LAYTON
        GK2255
        SCI HUNTINGDON
        P. O. BOX 999
        1120 PIKE ST
        HUNTINGDON, PA 16652
        (via U.S. First Class Mail)

        All Counsel of Record
        (via ECF electronic notification)